# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA BARRICK, as Special Administrator of the ESTATE OF BOBBY DALE BARRICK, deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>BOARD OF COUNTY COMMISSIONERS OF MCCURTAIN COUNTY, OKLAHOMA; MCCURTAIN COUNTY SHERRIFF KEVIN CLARDY; MATTHEW KASBAUM; QUENTIN LEE; KEVIN STOREY; MARK HANNAH, )<br><br>Defendants. ) | Case No. CIV-23-129-JFH-GLJ |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Board of County Commissioners of McCurtain County's Motion to Dismiss and Brief in Support ("Motion to Dismiss") [Docket No. 22]. Plaintiff, Barbara Barrick, as Special Administrator of the Estate of Bobby Dale Barrick, brought this civil rights action pursuant to 41 U.S.C § 1983. On September 5, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 41]. Defendant, Board of County Commissioners of McCurtain County, Oklahoma, now moves this Court to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). For

1

the reasons stated below, the undersigned Magistrate Judge recommends that the Motion to Dismiss be GRANTED.

## BACKGROUND

Plaintiff filed her Complaint on April 20, 2023, against the Board of County Commissioners of McCurtain County, Oklahoma ("McCurtain BOCC"), and McCurtain County Sheriff Kevin Clardy ("MCS"), in his official capacity, as well as Deputy Matthew Kasbaum, Deputy Quentin Lee, Deputy Kevin Storey, and Warden Mark Hannah, all in their individual capacities. *See* Docket No. 2. Plaintiff alleges a total of three causes of action, all of which stem from the death of Bobby Dale Barrick following an altercation with law enforcement. *Id.* Plaintiff alleges two causes of action against Defendants Kasbaum, Lee, Storey, and Hannah for their use of excessive force and failure to intervene/stop the use of excessive force against Mr. Barrick *Id.* at ¶¶ 65-100. The last cause of action alleges *Monell* liability against McCurtain BOCC and MCS for constitutional violations. *Id.* at ¶ 101. McCurtain BOCC now moves to dismiss the claim against it in the Complaint asserting that the claim is duplicative of the claim against MCS. *See* Docket No. 22. For the reasons set forth below, the undersigned Magistrate Judge recommends that the claims against McCurtain BOCC be dismissed.

## ANALYSIS

"In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). "To survive a motion to dismiss under rule 12(b)(6), a complaint must

contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1272, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [her] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

I.   **MCCURTAIN BOCC'S MOTION TO DISMISS**

Plaintiff's Complaint asserts one cause of action against both McCurtain County Board of County Commissioners and McCurtain County Sheriff Kevin Clardy, in his official capacity, for constitutional violations raised pursuant to 42 U.S.C. § 1983. Defendants contend that the claim against McCurtain BOCC should be dismissed as being entirely duplicative of the claim against MCS. *See* Docket No. 22, p. 3. Plaintiff responds in opposition that McCurtain BOCC is a properly named Defendant and, as such, should not be dismissed. Docket No. 39, pp. 4-7.  Upon review of the relevant case law, the Court agrees that Plaintiff's claim against McCurtain BOCC and Sheriff McClardy in his official

3

capacity are duplicative, and that McCurtain BOCC should be dismissed as a duplicative party.

"[A] section 1983 suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." *Stuart v. Jackson*, 24 F. App'x 943, 956 (10th Cir. 2001) (quoting *Myers v. Okla. Cnty. Bd. Of Cnty. Commr's*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998); *Ky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits [are] . . . in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.") (internal citations omitted). Moreover, under 19 Okla. Stat. § 4, as amended in 2019, "the correct means by which to name a county as a defendant in an action involving § 1983 claims . . . is to name the appropriate county officer in his or her official capacity, *not* the Board." *Kirkendall-Heller v. Bd. of Commr's*, 2021 WL 2371348, *1 (W.D. Okla. 2021) (emphasis added); 19 Okla. Stat. § 4 ("Suit may be brought against a county by naming a county officer . . . when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract.").

Plaintiff requests that, to the extent her claims against McCurtain BOCC and MCS are duplicative, the Court treat McCurtain BOCC and MCS as "one and the same" defendant and permit the claims against both to proceed in this lawsuit. *See* Docket No. 39, p. 7.[1] In support, Plaintiff cites an unpublished Order issued in this District Court in *Lynch*

---

[1] In support of this assertion, Plaintiff notes that in *McFadden v. Tulsa County Board of County Commissioners*, 2016 WL 6902182 (N.D. Okla. Nov. 23, 2016) the Northern District of Oklahoma permitted both the Tulsa County Sheriff and the Tulsa County Board of County Commissioners to remain in the suit and treated these defendants as "one and

4

*v. Board of County Commissioners of Muscogee County, Oklahoma*, 16-cv-247-JFP, Docket No. 60, pp. 4-6 (E.D. Okla. March 31, 2017), where this Court denied a motion to dismiss Muskogee BOCC upon finding the Board was properly named as a party. Importantly, this decision was issued prior to the Oklahoma statutory amendment, and this issue is distinguishable from the issue of whether McCurtain BOCC and the Sheriff are duplicative parties.

Dismissal of the superfluous claim against McCurtain BOCC is thus warranted here for the sake of judicial economy and efficiency. *See Foreman v. Okla. Cnty. Sheriff*, *4-5, 2022 WL 2513384, *2 (W.D. Okla. July 6, 2022) (dismissing, without prejudice, claims against Board of County Commissioners for Oklahoma County as duplicative); *Hayes v. Owen*, 2023 WL 2716579, *6 (N.D. Okla. Mar. 30, 2023) ("The Court agrees with the Board that plaintiffs' claims against the Board are redundant with its claims against Sheriff Owen in his official capacity."). As a matter of judicial economy, the undersigned Magistrate Judge thus recommends that the claim against McCurtain BOCC be dismissed without prejudice.

II.     **LEAVE TO AMEND**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court

---

the same." However, there, neither the Tulsa County Sheriff nor the Tulsa County BOCC requested dismissal based on the redundancy of the claims, instead *requesting* to be treated as "one and the same." *McFadden*, 2016 WL 6902192, at *7. ("[Sheriff] Glanz and BOCC request the Court treat all 'official capacity' claims against Glanz as the equivalent of claims against the county.").

5

should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Defendant McCurtain BOCC contends that amendment is futile because the claims against McCurtain BOCC are duplicative of the claims against Sheriff Clardy, and the undersigned Magistrate Judge agrees. Accordingly, the claim against McCurtain BOCC should be dismissed without granting Plaintiff leave to amend.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Board of County Commissioners' Motion to Dismiss and Brief in Support [Docket No. 22] be GRANTED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 25th day of September 2023.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**