IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BARBARA BARRICK, as Special Administrator of the ESTATE OF BOBBY DALE BARRICK, deceased,** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. CIV-23-129-JFH-GLJ |
| ) | |
| **MCCURTAIN COUNTY SHERRIFF KEVIN CLARDY, DEPUTY MATTHEW KASBAUM, DEPUTY QUENTIN LEE, DEPUTY KEVIN STOREY, WARDEN MARK HANNAH,** )<br>)<br>)<br>)<br>)<br>) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on individual Defendant Mark Hannah's Motion for Judgment on the Pleadings with Brief in Support [Docket No. 54]. For the reasons set forth below, the undersigned Magistrate Judge recommends that the motion be DENIED.

### PROCEDURAL HISTORY & BACKGROUND

Plaintiff filed this case on April 23, 2023 [Docket Nos. 1-2], naming McCurtain County Sheriff Kevin Clardy, Deputy Matthew Kasbaum, Deputy Quentin Lee, Deputy Devin Story, and Warden Mark Hannah.[1] The Court referred the case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28

---

[1] Plaintiff also named the Board of County Commissioners of McCurtain County, Oklahoma, which has since been dismissed from the case. *See* Docket Nos. 2, 22, 48, 50.

U.S.C. § 636 on September 5, 2023 [Docket No. 41]. On November 7, 2023, Defendant Mark Hannah moved for judgment on the pleadings [Docket No. 67].

Plaintiff Barbara Barrick, as Special Administrator for the Estate of Bobby Dale Barrick, alleges officers were called to a scene after reports that the deceased was interfering with contractors repairing a damaged store and fighting with those same contractors. Docket No. 2, p. 8, ¶¶ 34-35. Officers arrived on the scene, found him face down and hogtied, at which time officers attempted to remove the bindings and handcuff Barrick. *Id.*, ¶¶ 36-37. Plaintiff believes Barrick was eventually tased no fewer than four time, and that officers also proceeded to use physical force on him. *Id.*, p. 11, ¶¶ 51-53. An EMT on scene observed Barrick demonstrate seizure-like activity following the exertion of force, and the deceased was transported to one hospital, then another with a higher level of care, where he died. *Id.*, p. 12, ¶¶ 56-57.

As relevant here, Plaintiff alleges Defendant Hannah is a Game Warden with the Oklahoma Department of Wildlife Conservation, and that he was at all times acting under color of state law. *Id.*, p. 7, ¶¶ 28-31. Plaintiff alleges Hannah was tasked with finding a vehicle that had been observed at the scene earlier, but was unable to do so. Additionally, she alleges Hannah returned to the scene and was one of the officers who ordered the deceased to exit a vehicle several times, eventually helping to move him from the vehicle, and then participating in the physical force exerted on the deceased. *Id.*, pp. 9-12, ¶¶ 38-40, 44, 51-54.

Plaintiff alleges two claims against Hannah as part of this 42 U.S.C. § 1983 action pursuant to the Fourth Amendment: unlawful use of excessive force and failure to

intervene. *Id.*, pp. 13-20, ¶¶ 65-100. Plaintiff's Complaint makes no mention of whether deceased was a member of any Indian nation or tribe, nor whether Defendant Hannah (or any other Defendant) possessed a cross deputization or cross commission with any Tribe, nor any general deputation agreement between the Oklahoma Department of Wildlife Conservation and any tribe. Defendant nevertheless moves for judgment on the pleadings, asserting that he has a cross commission with the Choctaw Nation Tribal Police, that the deceased was a Tribal Member of the Choctaw Nation, and that the incidents alleged above all occurred with the boundaries of the Choctaw Reservation.

## LEGAL STANDARDS

Defendant Hannah filed a motion for judgment on the pleadings, which is raised pursuant to Fed. R. Civ. P. 12(c). "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Motion for Judgment on the Pleadings is evaluated under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See, e. g., Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) ("We use the same standard when evaluating 12(b)(6) and 12(c) motions.") (citing *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleading under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]" *Iqbal*, 556 U.S. at 678 (quotations omitted).

## ANALYSIS

"To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law." *Kvech v. New Mexico Dept. of Public Safety*, 987 F. Supp. 2d 1162, 1186 (D. N.M. 2013) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Defendant Hannah contends that dismissal should be granted because his actions in relation to the deceased were not under color of state law, as required by § 1983, but under Choctaw Nation Tribal authority pursuant to a cross-commission he obtained pursuant to the Deputation Agreement between the Oklahoma Department of Wildlife and the Choctaw Nation Tribal Police.  In support of his position, Hannah also contends the deceased was a Tribal Member of the Choctaw Nation and the arrest occurred within the Choctaw Reservation.  Because he was acting under Tribal, and not state, authority, he thus asserts that Plaintiff's claims against him pursuant to § 1983 must fail.  Plaintiff challenges this interpretation, contending that state involvement in this case is a fact question, and asserting that whether tribal authority is mixed with state authority is irrelevant.

In support of his motion for judgment on the pleadings, Hannah submitted documentation that the events giving rise to this case, alleged to be Eagletown, Oklahoma, are within the boundaries of the Choctaw Reservation.  Additionally, Hannah attached documentation that the deceased was a Tribal Member of the Choctaw Nation, that the Choctaw Nation and Oklahoma Department of Wildlife were signatories to a Deputation agreement allowing individual officers to be cross-deputized, and that Hannah himself had been granted a Cross Commission between the Choctaw Nation Tribal Police and Oklahoma Department of Wildlife.  *See* Docket No. 54, Exs. 2-6.  Hannah also attempted to use Plaintiff's Answers to his interrogatories and requests for production of documents as supporting evidence.  *Id.*, Ex. 1.  In his Response, Plaintiff responds in part by referring to what the evidence "will reveal" in this case.

"When considering Rule 12(c) motions, 'the Court cannot consider any facts or allegations beyond the Complaint or Answer.'" *Goode v. Gaia, Inc.*, 2023 WL 7190732, at *3 (D. Colo. Nov. 1, 2023), *report and recommendation adopted sub nom.* 2024 WL 1509161 (D. Colo. Mar. 29, 2024) (quoting *Chavez-Rodriguez v. City of Santa Fe*, 2008 WL 5992269, at *8 (D.N.M. Oct. 17, 2008)). Considering documents outside the Complaint ordinarily requires the court to convert a motion into one for summary judgment under Fed. R. Civ. P. 56, *see* Fed. R. Civ. P. 12(e), but an exception to this standard includes facts subject to judicial notice. "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quotations omitted). A fact subject to judicial notice is one that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Defendant Hannah urges the Court to take judicial notice of the documents submitted to the Court as "matters of public record." The Deputation Agreement and State Addendum containing the addition of the state agency Oklahoma Department of Wildlife Conservation and the Choctaw Nation are both publicly available and accessible on the Oklahoma Secretary of State website, and the Court agrees it can take judicial notice of these matters of public record. This standard likewise applies to the Court's knowledge of the boundaries of the Choctaw Reservation within this District, and arguably also applies

to the deceased's Tribal status and Hannah's cross commission. "However, '[t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein.'" *Tal*, 453 F.3d at 1264 n.24 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). "When a court takes judicial notice of publications like websites and newspaper articles, the court merely notices what was in the public realm at the time, not whether the contents of those articles were in fact true." *Hampton v. Root9b Techs., Inc.*, 2016 WL 7868823, at *4 (D. Colo. Aug. 3, 2016) (citing *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2009); *accord Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)). Furthermore, "judicial notice is generally not the appropriate means to establish the legal principles governing the case." *Toth v. Grand Trunk R.R.,* 306 F.3d 335, 349 (6th Cir. 2002) ("A legal rule may be a proper fact for judicial notice if it is offered to establish the factual context of the case, as opposed to stating the governing law."). The undersigned Magistrate Judge finds Defendant Hannah is attempting to use these documents to prove that he was not acting under color of state law here, and to state the governing law. As this is an inappropriate use of judicial notice, and the Complaint is otherwise devoid of this information, the undersigned Magistrate Judge declines to take judicial notice of these documents and accordingly recommends that Defendant Hannah's motion be denied.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that the Defendant Mark Hannah's Motion for Judgment on the Pleadings with Brief in Support [Docket No. 54] be DENIED. Any objections to this Report and Recommendation must

be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

    **DATED** this 11th day of April, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**