IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA BARRICK, as Special Administrator of the ESTATE OF BOBBY DALE BARRICK, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF MCCURTAIN COUNTY, OKLAHOMA; MCCURTAIN COUNTY SHERRIFF KEVIN CLARDY; MATTHEW KASBAUM; QUENTIN LEE; KEVIN STOREY; MARK HANNAH,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-23-129-JFH-GLJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is Defendant McCurtain County Sheriff Kevin Clardy's Motion to Quash 30(b)(6) Deposition Notice ("Motion to Quash") [Docket No. 155]. Plaintiff, Barbara Barrick, as Special Administrator of the Estate of Bobby Dale Barrick, brought this civil rights action pursuant to 41 U.S.C § 1983. On September 5, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72 [Docket No. 41]. For the reasons stated below, the Motion to Quash is GRANTED.

1

## BACKGROUND

Plaintiff filed her Complaint on April 20, 2023, against the Board of County Commissioners of McCurtain County, Oklahoma ("McCurtain BOCC"), and McCurtain County Sheriff Kevin Clardy ("MCS"), in his official capacity, as well as Deputy Matthew Kasbaum, Deputy Quentin Lee, Deputy Kevin Storey, and Warden Mark Hannah, all in their individual capacities. *See* Docket No. 2. Plaintiff alleges a total of three causes of action, all of which stem from the death of Bobby Dale Barrick following an altercation with law enforcement. *Id.* Plaintiff alleges two causes of action against Defendants Kasbaum, Lee, Storey, and Hannah for their use of excessive force and failure to intervene/stop the use of excessive force against Mr. Barrick *Id.* at ¶¶ 65-100. The last cause of action alleges *Monell* liability against McCurtain BOCC and MCS for constitutional violations. *Id.* at ¶ 101.

The first Scheduling Order was entered in this matter on September 6, 2023. *See* Docket No. 42. Between January and June 2024, the undersigned Magistrate Judge granted three extensions, entering the Amended Scheduling Order, the Second Amended Scheduling Order and the Third Amended Scheduling Order on January 9, 2024, May 20, 2024, and June 27, 2024, respectively. *See* Docket Nos. 67, 107 & 125. On August 21, 2024, Plaintiff filed her opposed Second Motion to Enlarge Scheduling Order, in which she indicated she had only recently submitted written discovery requests to defendants and raised an issue regarding production of an investigative report. *See* Docket No. 1142. After a telephonic hearing on August 29, 2024, the undersigned Magistrate Judge granted in part the motion and entered a fifth scheduling order. *See* Docket Nos. 147 & 148. Under the

2

Fourth Amended Scheduling Order, the discovery cutoff was October 21, 2024. *See* Docket No. 149. Although counsel apparently had some discussions in early September 2024 regarding Plaintiff's desire to take a corporate representative deposition of MCS pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff did not provide a list of proposed topics for such a deposition until October 17, 2024 and requested the deposition be scheduled for October 22, 2024 or a later date. *See* Docket No. 155, Exs. 1 and 2. Subsequently on October 24, 2024, Plaintiff filed her 30(b)(6) deposition notice to MCS, which scheduled the deposition on October 21, 2024. *See* Docket No. 154. Plaintiff represented to MCS that the October 21 deposition date was merely a placeholder date. *See* Docket No. 155, Ex. 2.

## ANALYSIS

Federal Rule of Civil Procedure 30(b)(6) permits a party to "notice a [governmental agency] as a deponent so long as the notice describes with reasonable particularity the matters for examination." *Feltz v. Bd. of Cnty. Comm'rs of the Cnty. of Tulsa*, 2020 WL 2039250, at *4 (N.D. Okla. April 28, 2020) (quoting *Pipeline Prods., Inc. v. Madison Companies, LLC*, 2019 WL 1940282, at *4 (D. Kan. May 1, 2019)). The party seeking the deposition "must provide [the Rule 30(b)(6) deponent] with enough information so that they are on notice of the areas of inquiry" that will be explored in the deposition. *Id*. Where the Rule 30(b)(6) notice describes with reasonable particularity the matters for examination and complies with Rule 26(b)(1), the entity must designate one or more individuals to testify on its behalf as to all matters reasonably available to it. *Id*. The party seeking the deposition must give "reasonable written notice to every other party" and must state the

3

time and place of the deposition. Fed. R. Civ. P. 30(b)(1). For purposes of Rule 30(b)(1), "reasonable notice" is at least seven days. LCvR 30.1(a).

Defendant MCS moves to quash the deposition notice because Plaintiff did not give the required notice of at least seven days before the deposition and, if the proper notice had been given, the deposition would fall outside the discovery period. Defendant MCS further argues that Plaintiff indicated her interest in taking the Rule 30(b)(6) deposition at least as early as September 10, 2024, but never provided the proposed topics for such deposition until October 17, 2024. Moreover, Plaintiff's proposal of the October 21, 2024 deposition date as a "placeholder" is impermissible. In response, Plaintiff agrees she proposed the October 21, 2024 deposition date only as a placeholder so it would be within the discovery deadline, but argues she notified Defendant MCS of her desire to take a Rule 30(b)(6) deposition, and that Defendant MCS's statement that it needed the approval of the Board of County Commissioners to designate a witness was only a delay tactic. Plaintiff further argues she attempted in good faith to schedule the Rule 30(b)(6) deposition within the discovery period but was ultimately "thwarted by Defense counsel attempting to delay until discovery was closed."

Contrary to Plaintiff's position, the timing in providing the proposed topics of the deposition and failure to timely notice the deposition to occur within the discovery period is the result of Plaintiff's own actions and decisions. It is apparent Plaintiff contemplated and discussed taking a Rule 30(b)(6) deposition of MCS at least as early as September 10, 2024. *See* Docket No. 155, Ex. 1. Nonetheless, despite being told Defendant MCS needed the proposed topics to identify the appropriate witness, Plaintiff did nothing further on the

4

matter for five weeks, and only then did so on the cusp of the discovery deadline. The plain language of Rule 30(b)(6) contemplates that the party seeking the deposition for identify the topics to be covered with reasonable particularity. Until Plaintiff provided the topics to be covered in the deposition, MCS did not have the ability to identify and designate the appropriate witness or witnesses. Plaintiff's claim that the topics ultimately identified are identical to topics that were previously identified and agreed to in a difference case involving different parties only highlights the fact Plaintiff could have easily provided the proposed topics well before the expiration of the discovery deadline but choose not to do so. The parties had plenty of time to conduct all necessary discovery as they are on the fifth scheduling order in this case. *See* Docket No. 149. Instead, Plaintiff appears to have taken neither heed nor advantage of the grace provided by the Court in granting additional time in the multiple scheduling orders entered in this case, including the Fourth Amended Scheduling Order in which the parties were put on notice would be the last absent extraordinary circumstances. Such a decision has consequences. Plaintiff's Rule 30(b)(6) notice to Defendant MCS is untimely and in violation of LCvR 30.1(a). Therefore, the notice should be quashed.

## CONCLUSION

Accordingly, for the reasons set forth herein, Defendant McCurtain County Sheriff Kevin Clardy's Motion to Quash 30(b)(6) Deposition Notice [Docket No. 155] is hereby GRANTED.

IT IS SO ORDERED this 5th day of November 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**