**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BARBARA BARRICK, as Special Administrator of the Estate of Bobby Dale Barrick, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 6:23-cv-00129-JFH-GLJ |
| BOARD OF COUNTY COMMISSIONERS OF McCURTAIN COUNTY, OKLAHOMA, et al., | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSED MOTION TO REOPEN AND FOR ENTRY OF A POST-REMAND SCHEDULING ORDER, AND BRIEF IN SUPPORT**

## STATEMENT OF CONFERRAL

This motion is opposed. On October 13, 2026, undersigned counsel conferred with counsel of record for all Defendants by electronic mail and provided the proposed schedule set out below. Counsel for Defendants Kasbaum and Lee responded the same day that they object to reopening the case and will move to stay this case pending the filing of a petition for a writ of certiorari. Counsel for Defendant Hannah responded the same day that Hannah objects, and stated no grounds. Concurrence could not be obtained.

## INTRODUCTION

On September 21, 2026, the Tenth Circuit vacated the judgment (previously entered in favor of Defendants) and remanded this case "for further proceedings consistent with this court's opinion in *Walden*." *Barrick v. Kasbaum*, No. 25-7082, Order and Judgment at 1 to 2 (10th Cir. Sept. 21, 2026) (unpublished) (Doc. 88-1) (attached as Exhibit 1) (citing *Walden v. City of Duncan*,

___ F.4th ___, No. 25-6153, 2026 WL 2329610 (10th Cir. Aug. 12, 2026)). The Tenth Circuit issued its mandate on October 13, 2026. No. 25-7082 (Doc. 89).

The underlying judgment rested on a single ground. The District Court held that Defendants did not act under color of state law when they took Bobby Barrick into custody, reasoning that "[w]hen carrying out an arrest of an Indian in Indian country, law enforcement officers necessarily act under color of Tribal law by virtue of cross-deputization agreements." Opinion and Order at 8 (Dkt. 233). *Walden* now rejects that categorical rule. The Court reached no other question, so every remaining ground advanced in Dkt. 165 and Dkt. 167, including qualified immunity, the force used, failure to intervene, causation, and punitive damages, stands undecided.

Defendants have said they will ask the Court to stay this case while they pursue a petition for certiorari. No petition has been filed. Defendants did not seek rehearing in the Tenth Circuit, and they did not ask that court to stay its mandate. Plaintiff asks the Court to reopen the case, set a conference under Fed. R. Civ. P. 16, and enter a schedule for deciding the propositions the Court did not reach.

## <u>**PROCEDURAL BACKGROUND**</u>

Plaintiff filed this action on April 20, 2023, invoking the Court's jurisdiction under 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Compl. ¶¶ 31 to 32 (Dkt. 2). Her claims against the individual Defendants are excessive force and failure to intervene under 42 U.S.C. § 1983. *Id.* ¶¶ 65 to 100. The other defendants have since been dismissed, and only the claims against Defendants Kasbaum, Lee, and Hannah remain. Dkt. 233 at 2.

Defendants Kasbaum and Lee moved for summary judgment on November 4, 2024, advancing six propositions. Dkt. 165. Defendant Hannah moved separately the same day,

advancing three. Dkt. 167. On September 29, 2025, the Court overruled Plaintiff's objection, accepted and adopted the Report and Recommendation, and granted both motions. Dkt. 233 at 11. The Court treated the color of state law requirement as "a jurisdictional requisite for a § 1983 action," *id.* at 5 (quoting *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995)), and held that Defendants "were necessarily acting under color of Tribal law in effecting Barrick's arrest," *id.* at 8. It reached no other proposition in either motion.

Plaintiff appealed. While the appeal was pending, the Tenth Circuit decided *Walden*, which reversed a summary judgment resting on the same premise. *Walden*, slip op. at 2, 5, 11. The *Walden* appellees, represented by the same firm that represents Defendants Kasbaum and Lee here, petitioned for rehearing and rehearing en banc. *Id.* at 1; *Walden*, No. 25-6153 (Doc. 39). The Tenth Circuit denied the petition on September 11, 2026, and issued its mandate on September 21, 2026. *Walden*, No. 25-6153 (Docs. 40, 41). The panel in this appeal entered its Order and Judgment the same day. Doc. 88-1 at 1.

No party petitioned for rehearing in this appeal, and no party moved the Tenth Circuit to stay its mandate. The Tenth Circuit's docket reflects no filing between the Order and Judgment and the mandate, which issued on October 13, 2026. No. 25-7082 (Docs. 88, 89). Likewise, in *Walden*, no party moved the Tenth Circuit to stay its mandate, *Walden*, No. 25-6153 (Docs. 40, 41), and as of this filing no party has petitioned for a writ of certiorari.

## ARGUMENT

### I. THE REMAND IS GENERAL, AND ONLY THE COLOR OF LAW HOLDING HAS BEEN DECIDED.

The mandate rule is "a corollary to the law of the case requiring trial court conformity with the appellate court's terms of remand." *United States v. West*, 646 F.3d 745, 748 (10th Cir. 2011). In this Circuit, the scope of the mandate on remand "is carved out by exclusion," and "unless the

district court's discretion is specifically cabined, it may exercise discretion on what may be heard." *Id.* at 749. The Tenth Circuit has noted that this approach "has been characterized by a sister circuit as a presumption in favor of a general remand." *Id.*

The mandate here contains no limitation. The panel vacated the judgment and remanded "for further proceedings consistent with this court's opinion in *Walden*." Doc. 88-1 at 2. It did not direct entry of judgment, did not confine the remand to a particular issue, and did not reserve any question to itself. The Court's discretion on what may be heard is therefore not cabined.

The September 29, 2025 order granted Dkt. 165 and Dkt. 167 on color of state law and on nothing else. Dkt. 233 at 5 to 11. The Tenth Circuit decided none of the remaining propositions. They remain pending for decision in the first instance.

## II. *WALDEN* GOVERNS THE COLOR OF LAW QUESTION ON REMAND.

*Walden* involved a cross-commissioned municipal officer who arrested a member of the Choctaw Tribe in Chickasaw Nation Indian country. *Walden*, slip op. at 1 to 3. The district court held that the officer acted under color of tribal law rather than state law. *Id.* at 5. The Tenth Circuit reversed. Drawing on the Supreme Court's reasoning in *United States v. Cooley*, 593 U.S. 345 (2021), *see Walden*, slip op. at 8 to 11, it explained that the officer, exercising his state authority, "could stop [the suspect], detain him while conducting an initial investigation, and then either hold him until the arrival of tribal officers or transport him to tribal authorities." *Id.* at 11. And "even if [the officer] went beyond the permissible bounds of such detention and transportation . . . his actions may still have been under color of state law." *Id.* at 11. That reasoning cannot be reconciled with a rule that officers "necessarily act under color of Tribal law" whenever they arrest an Indian in Indian country. Dkt. 233 at 8.

Plaintiff does not contend that *Walden* resolves every color of law question in this case. The Tenth Circuit expressly declined to decide whether the officer there possessed actual state authority: "We do not, however, definitively rule on those matters." *Walden*, slip op. at 2. It also left open whether an officer could be found to have acted under color of both tribal and state law. *Id.* at 12. What *Walden* settles is that the categorical rule applied in the September 29, 2025 order is not the law. On remand, the question is the "necessarily fact-bound inquiry" the Supreme Court described in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).[1]

## III. SEVEN PROPOSITIONS REMAIN FOR DECISION.

The September 29, 2025 order reached only color of law. Dkt. 233 at 5 to 11. Seven other propositions remain undecided.[2] From the motion of Defendants Kasbaum and Lee (Dkt. 165):

(1) Proposition II, judgment as a matter of law on the excessive force claim, with its three subparts (Dkt. 165 at 18);

(2) Proposition III, judgment as a matter of law on the failure to intervene claim (*id.* at 24);

(3) Proposition IV, causation (*id.* at 26);

(4) Proposition V, qualified immunity (*id.* at 27); and

(5) Proposition VI, punitive damages (*id.* at 28).

From the motion of Defendant Hannah (Dkt. 167):

---

[1]The September 29, 2025 order described color of state law as "a jurisdictional requisite for a § 1983 action." Dkt. 233 at 5. Judge Matheson's concurrence in *Walden* addresses that description directly. The color of law element of § 1983 "does not confer federal court jurisdiction," and where a complaint invokes 28 U.S.C. § 1331, color of law must still be proved, but as an element of the § 1983 claim rather than as a condition of the court's jurisdiction. *Walden*, slip op. at 1, 5 to 6 (Matheson, J., concurring). Plaintiff invoked § 1331. Compl. ¶ 32 (Dkt. 2). Color of law is therefore a merits element in this case.

[2]Page references to Dkt. 165 and Dkt. 167 are to each brief's own page numbers, as listed in its table of contents.

(6) Proposition II, qualified immunity (Dkt. 167 at 18), including the contentions that no Fourth Amendment violation occurred (*id.* at 20), that the force used was reasonable (*id.* at 21), and that no clearly established law applied (*id.* at 22); and

(7) Proposition III, causation (*id.* at 24).

Also remaining undecided is whether disputed issues of material fact bar summary judgment on some or all of Plaintiff's claims. *See* Fed. R. Civ. P. 56(a).

Because *Walden* was decided after the summary judgment briefing closed, and because it bears on both color of law and the qualified immunity analysis, supplemental briefing on the record already developed in discovery will let the Court decide the remaining propositions efficiently.

## I. NO STAY IS WARRANTED.

Defendants have advised that they will move to stay this case pending the filing of a petition for a writ of certiorari. The Court need not wait for that motion to set a schedule, and it should not grant one.

Defendants passed over the remedies the appellate rules provide. A party may ask the court of appeals to stay its mandate pending the filing of a petition for certiorari. Fed. R. App. P. 41(d)(1). No party did so, and the mandate issued on October 13, 2026. No. 25-7082 (Doc. 89). The mandate "is effective when issued." Fed. R. App. P. 41(c). Congress has also said where a stay pending certiorari comes from. A judgment subject to review on certiorari may be stayed "for a reasonable time to enable the party aggrieved to obtain a writ of certiorari," and "[t]he stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court." 28 U.S.C. § 2101(f). The judgment Defendants would ask the Supreme Court to review was rendered by the Tenth Circuit, not by this Court.

What remains is the Court's general authority over its own docket. The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). But a party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward" where there is "even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.

Defendants cannot make that showing. No petition has been filed, and none is due until 90 days after the entry of the Tenth Circuit's judgment. Sup. Ct. R. 13.1, 13.3. The petition they describe would ask the Supreme Court to review an unpublished order and judgment applying a published decision, *Walden*, in which the Tenth Circuit has already denied rehearing and no party sought to stay the mandate. *Walden*, No. 25-6153 (Docs. 40, 41). This case arises from events of March 13, 2022, Dkt. 233 at 2, and has been pending since April 2023. The schedule proposed below requires no new discovery and builds on the record already developed. Going forward imposes nothing on Defendants beyond the ordinary burden of litigation, while a stay of uncertain length would further delay a decision on claims that are already more than three years old.

If Defendants file a petition and obtain a stay from the Tenth Circuit or a Justice, they may bring it to the Court's attention. Until then, the mandate calls for further proceedings, and the case should go forward.

## **PROPOSED SCHEDULE**

Plaintiff proposes that the Court order the following:

1. The Clerk shall reopen the case, and the Court will set a status and scheduling conference under Fed. R. Civ. P. 16 within thirty days of its order, so that the parties may be heard on the sequence of the remaining issues and on a trial setting.

2. Supplemental briefing shall address the propositions in Dkt. 165 and Dkt. 167 that the September 29, 2025 order did not reach, and color of law as *Walden* now frames it. The parties are not limited to the arguments made in the original summary judgment briefing and may present any argument relevant to those issues. Defendants' supplemental briefs are due thirty days from the Court's order, not to exceed twenty pages each. Plaintiff's combined response is due thirty days thereafter, not to exceed thirty pages. Defendants' replies are due fourteen days thereafter, not to exceed ten pages each.

3. The existing summary judgment record remains before the Court, and the parties may cite it without refiling it. With their supplemental briefs, the parties may also submit additional evidentiary material from the discovery already conducted in this case that bears on the remaining issues.

## **CONCLUSION**

The judgment has been vacated, the mandate has issued, and *Walden* has rejected the categorical rule on which the judgment rested. Plaintiff asks the Court to reopen this case, set a conference under Fed. R. Civ. P. 16, enter the schedule proposed above for deciding the propositions in Dkt. 165 and Dkt. 167 that remain undecided, and decline to stay the case.

Respectfully submitted,

___/s/ D. Mitchell Garrett Jr.___

D. Mitchell Garrett Jr., OBA #20704
GARRETT LAW
320 S. Boston Ave., Suite 825
Tulsa, Oklahoma 74103
Telephone: (918) 221-6190
mitchell@garrettlawcenter.com

Christopher L. Camp, OBA #18541
CAMP LAW FIRM
7122 S. Sheridan Rd., Suite #2-382
Tulsa, Oklahoma 74133
Telephone: (918) 200-4871
camplawfirm@gmail.com

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I certify that on October 13th , 2026, I electronically filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

___/s/ D. Mitchell Garrett Jr.___
D. Mitchell Garrett Jr.