**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BARBARA BARRICK, as Special Administrator of the ESTATE OF BOBBY DALE BARRICK, deceased,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF McCURTAIN COUNTY, OKLAHOMA; SHERIFF OF MCCURTAIN COUNTY, in his official capacity; DEPUTY MATTHEW KASBAUM; DEPUTY QUENTIN LEE; DEPUTY KEVIN STOREY; and, WARDEN MARK HANNAH,<br><br>Defendants. | ) | Case No. CIV-23-129-JFH-GLJ |

**RESPONSE OF DEFENDANTS MATTHEW KASBAUM AND QUENTIN LEE TO PLAINTIFF'S OPPOSED MOTION TO REOPEN AND FOR ENTRY OF A POST-REMAND SCHEDULING ORDER**

COME NOW Defendants Matthew Kasbaum and Quentin Lee ("Defendants"), by and through undersigned counsel, and respond to Plaintiff's Opposed Motion to Reopen and for Entry of a Post-Remand Scheduling Order. (Doc. 247). In support, Defendants state as follows:

**INTRODUCTION**

Plaintiff seeks to reopen this action and immediately resume litigation following the Tenth Circuit's September 21, 2026, Order and Judgment vacating the prior judgment and remanding for further proceedings consistent with *Walden v. City of Duncan*, No. 25-6153, 2026 WL 2329610 (10th Cir. August 12, 2026). By way of a separate motion to this Court being filed contemporaneously, Defendants intend to seek a stay of this case requesting that the Court exercise its inherent authority to preserve the status quo while Defendants pursue review of the controlling appellate decision by the United States Supreme Court.

Here, a stay is warranted. The dispositive issue addressed by the Tenth Circuit concerns the circumstances under which officers acting pursuant to cross-deputation agreements and exercising law enforcement authority in Indian country act under color of state law for purposes of 42 U.S.C. § 1983. The anticipated petition for certiorari will challenge the governing appellate decision that now controls the remand proceedings. Proceeding immediately would require the parties and the Court to revisit summary judgment issues that are likely to be materially affected by the Supreme Court's disposition of the anticipated petition. However, a temporary stay would preserve judicial resources, avoid potentially unnecessary supplemental briefing and adjudication, and permit the parties to proceed under a definitive statement of the governing law.

## ARGUMENTS AND AUTHORITIES

### I. THE QUESTION OF COLOR OF LAW REMAINS AT ISSUE.

In her Motion, Plaintiff advances two contrary positions as to the color of law issue. In Section I of her Motion, Plaintiff argues that the color of law issue has been resolved. (Doc. 247, p. 3, Section I). In Section II of her Motion, Plaintiff acknowledges that the color of law issue has not been resolved. (Doc. 247, pp. 4-5, Section II). Then, in Section III of her Motion, Plaintiff again argues that the color of law issue remains undecided. (Doc. 247, pp. 5-6, Section III). Obviously both of these positions cannot be true. To be clear, while the Tenth Circuit did vacate this Court's grant of judgment in favor of Defendants, it only remanded to this Court for further proceedings consistent with *Walden*. (Doc. 247-1). It did not resolve the color of law issue in any way or hold that the cross-deputized Defendants were acting under color of state law when they encountered Bobby Barrick, an Indian in Indian Country.

## II. THIS COURT HAS INHERENT AUTHORITY TO STAY PROCEEDINGS PENDING APPELLATE REVIEW.

In her Motion, Plaintiff emphasizes that the Tenth Circuit's mandate has issued and that Defendants did not obtain a stay of that mandate. (Doc. 247, pp. 6-7). Defendants do not ask this Court to disregard, modify, or stay the appellate mandate. They simply ask this Court to exercise its separate authority to manage proceedings on remand while a petition for certiorari is pursued. The issuance of an appellate mandate does not eliminate this Court's inherent authority to stay proceedings when the circumstances warrant it.

District Courts possess inherent authority to stay proceedings in the interest of justice and judicial economy. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In evaluating whether a stay is appropriate pending further review, courts consider the likelihood that the applicant will succeed on the merits, whether the applicant will suffer irreparable harm absent a stay, whether a stay will substantially injure the other parties, and where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). As will be further discussed in Defendants' Motion to Stay, each of those considerations favor a stay in this case.

## CONCLUSION

For the foregoing reasons, Defendants Matthew Kasbaum and Quentin Lee respectfully request that the Court deny Plaintiff's request for reopening, and entry of a post-remand scheduling order.

Respectfully submitted,

s/Sheila G. Jessee

Robert S. Lafferrandre, OBA No. 11897
Randall J. Wood, OBA No. 10531
Sheila G. Jessee, OBA No. 33071
Jessica James Curtis, OBA No. 35140
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rlafferrandre@piercecouch.com
rwood@piercecouch.com
sjessee@piercecouch.com
jjamescurtis@piercecouch.com
***Attorneys for Defendants Matthew Kasbaum, Quentin Lee***

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2026, I electronically transmitted the attached document to the Clerk of Court via the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

s/ Sheila G. Jessee
Sheila G. Jessee