**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BARBARA BARRICK, as Special Administrator of the ESTATE OF BOBBY DALE BARRICK, deceased,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF McCURTAIN COUNTY, OKLAHOMA; SHERIFF OF MCCURTAIN COUNTY, in his official capacity; DEPUTY MATTHEW KASBAUM; DEPUTY QUENTIN LEE; DEPUTY KEVIN STOREY; and, WARDEN MARK HANNAH,<br><br>Defendants. | ) | Case No. CIV-23-129-JFH-GLJ |

**DEFENDANTS MATTHEW KASBAUM AND QUENTIN LEE'S MOTION TO STAY PROCEEDINGS PENDING FILING AND DISPOSITION OF PETITION FOR WRIT OF CERTIORARI AND BRIEF IN SUPPORT**

COME NOW Defendants, Matthew Kasbaum and Quentin Lee ("Defendants"), and respectfully move this Court to stay further proceedings pending the filing and disposition of their forthcoming Petition for Writ of Certiorari to the United States Supreme Court. Pursuant to LCvR 7.1(f), undersigned counsel has conferred with Plaintiff's counsel, who opposes this motion. Counsel for Defendant Mark Hannah has no objection to the requested stay.

This request arises following the Tenth Circuit's decision in *Walden v. City of Duncan*, No. 25-6153, 2026 WL 2329610 (10th Cir. August 12, 2026), and the subsequent remand in this case. Defendants intend to seek Supreme Court review of the legal framework governing law enforcement officers acting under cross deputation agreements in Indian country act under color of state law for purposes of 42 U.S.C. § 1983. That issue is central to the proceedings on remand

and presents an important question concerning the application of federal civil rights law to officers exercising overlapping state and tribal authority.

## **PROCEDURAL BACKGROUND**

This action arises from the March 2022 arrest and detention of Bobby Barrick and Plaintiff's resulting claims under 42 U.S.C. § 1983. In resolving the Defendants' summary judgment motions, this Court concluded that Defendants did not act under color of state law during their interactions with Bobby Barrick. This Court reasoned that, when arresting an Indian in Indian Country, law enforcement officers necessarily act under color of tribal law by virtue of cross deputation agreements. (Doc. 233 at p. 8).

On August 12, 2026, the Tenth Circuit issued its decision in *Walden*, addressing the authority of law enforcement officers to stop, detain, and transport individuals in Indian country and the circumstances in which such conduct may constitute action under color of state law. *Walden*, 2026 WL 2329610, at *11-12. In *Walden*, the district court granted the defendants summary judgment based on the fact that Officer Christian Archer, a cross-deputized officer, was exercising tribal, not state, authority when he arrested the plaintiff, Shawn Walden. *Walden v. City of Duncan, Oklahoma*, No. CIV-23-1075-PRW, 2025 WL 2701504, at *2 (W.D. Okla. Sept. 22, 2025), rev'd and remanded sub nom. *Walden v. City of Duncan*, No. 25-6153, 2026 WL 2329610 (10th Cir. Aug. 12, 2026). It was undisputed that Walden was an Indian and the arrest occurred in Indian country. *Id.* Accordingly, Officer Archer was incapable of arresting Walden under state law and the only authority that supported the arrest was the tribal authority which was granted to him by his Chickasaw Lighthorse Special Law Enforcement Commission. *Id.*

The Tenth Circuit reversed, holding that the district court's decision "was based on a misconception of the applicable law. The *Walden* Court ruled that as a state officer, Officer Archer

could **detain** a suspect before conclusively determining whether the suspect was an Indian." *Walden*, 2026 WL 2329610, at *1 (emphasis added). Applying that reasoning, the Tenth Circuit held that Officer Archer could have been acting under color of state law at the time of the challenged conduct and reversed for the district court to determine whether Walden could ultimately prove the color of law element of his claim. *Id*.

Following the remand in *Walden*, the Tenth Circuit subsequently vacated the judgment in this case and remanded for further proceedings consistent with Walden. (Doc. 247-1). On October 13, 2026, the Tenth Circuit issued its mandate and Plaintiff has now moved to reopen this case and obtain a post-remand scheduling order requiring supplemental briefing on the summary judgment issues. (Doc. 247). Defendants object to the reopening of this case, as they intend to seek a writ of certiorari challenging the Tenth Circuit's decision in this case. The anticipated petition is directed at the legal question underlying the appellate decision. Defendants seek a temporary stay of further proceedings so that the Supreme Court's treatment of that question may be determined before the parties and the Court undertake additional substantive litigation.

## ARGUMENTS AND AUTHORITIES

### I. THIS COURT HAS INHERENT AUTHORITY TO STAY PROCEEDINGS PENDING APPELLATE REVIEW

Federal district courts possess inherent authority to stay proceedings in the interest of justice and judicial economy. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In evaluating whether a stay is appropriate pending further review, courts consider the likelihood that the applicant will succeed on the merits, whether the applicant will suffer irreparable harm absent a stay, whether a stay will substantially injure the other parties, and where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Each of those considerations favor a stay here.

The legal issue underlying the anticipated petition concerns the circumstances under which law enforcement officers exercising authority pursuant to cross-deputation agreements against Indians in Indian country act under color of state law for purposes of § 1983. Defendants intend to ask the Supreme Court to review the legal framework established by *Walden* and relied upon by the Tenth Circuit in this case. The question is significant because the source and scope of an officer's authority determine whether the officer may be subject to suit under § 1983 for the challenged conduct and whether this Court has jurisdiction over this matter at all. Thus, this issue must preliminarily be resolved before the case can reasonably proceed further.

The anticipated petition therefore presents a substantial reason to defer further proceedings. If the Supreme Court grants review and clarifies the governing legal framework, the parties may need to address the remand under a different understanding in which an officer's conduct constitutes action under color of state law. Requiring immediate supplemental briefing or even proceeding under the current briefing risks having the parties and the Court expend substantial resources on issues that may be affected by the Supreme Court's disposition.

Defendants recognize that certiorari is discretionary and that the anticipated petition may not be granted. But the possibility of denial does not eliminate the value of a temporary stay. Absent a stay, the parties will be required to undertake additional briefing under a framework that is inconsistent with the Supreme Court's decisions in *McGirt v. Oklahoma*, 591 U.S. 894, 898 (2020) and *Lindke v. Freed*, 601 U.S. 187 (2024). The Court will then need to consider the submissions and determine the unresolved issues. However, if the Supreme Court grants certiorari and clarifies the governing legal standard, some or all of that work may prove unnecessary or require reconsideration. A stay would thus promote the efficient administration of this action. It would allow the Court to defer substantial work and preserve resources until the status of the anticipated petition is clearer, while preserving the ability to resume proceedings promptly if the Supreme Court review is denied. The Court need not predict the ultimate outcome of the anticipated petition to recognize the practical benefits upon all parties and this Court of a stay.

Defendants recognize Plaintiff's interest in the timely resolution of this action. The case concerns events that occurred in March 2022 and has already proceeded through summary judgment and appeal. A short stay would not only be minimally inconvenient to Plaintiff, but it would also serve Plaintiff's interests in the timely resolution of this matter. If a stay is denied, this case may proceed requiring the parties to expend substantial time and resources under a framework that may be overturned on appeal. If that occurs, the parties will be required to start over. But a temporary stay would resolve this uncertainty until the Supreme Court advises whether it will hear the petition. Then the parties would be able to proceed under the applicable framework without being require to start over.

The public also has an interest in the consistent application of federal civil rights law and in the clear determination of state and tribal authority in Indian country. There is also a public

interest in the efficient use of judicial resources. If the Supreme Court grants certiorari and reverses, this case may be resolved in its entirety without further proceedings. By contrast, denying a stay would require the Court and parties to expend significant resources preparing a case for trial that may ultimately be dismissed or be decided under a different standard. Courts have long recognized that avoiding such unnecessary expenditures is a proper basis for a stay. *Landis*, 299 U.S. at 255.

In short, this case presents an unusually strong combination of factors warranting a stay: a direct conflict with established Supreme Court decisions, a legal issue of first impression affecting civil rights and tribal sovereignty suitable for review, a substantial likelihood of certiorari, and a significant risk of irreparable harm and wasted resources absent a stay. Under these circumstances, proceeding forward would serve no practical purpose while a stay would promote the interests of all parties, the public, and the Court.

For these reasons, Defendants Matthew Kasbaum and Quentin Lee respectfully requests that the Court stay all proceedings pending the filing and disposition of their Petition for Writ of Certiorari to the Supreme Court.

Respectfully submitted,

s/ Sheila G. Jessee

Robert S. Lafferrandre, OBA No. 11897
Randall J. Wood, OBA No. 10531
Sheila G. Jessee, OBA No. 33071
Jessica James Curtis, OBA No. 35140
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rlafferrandre@piercecouch.com
rwood@piercecouch.com
sjessee@piercecouch.com
jjamescurtis@piercecouch.com

***Attorneys for Defendants Matthew Kasbaum, and Quentin Lee***

**FOR PLEADINGS**
**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October, 2026, I electronically transmitted the attached document to the Clerk of Court via the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

s/ Sheila G. Jessee
Sheila G. Jessee